IN MATTER OF PETITION OF AUGUST FOR APPROVAL OF CONTINUING LEGAL EDUCATION ACTIVITIES.

*No docket number.—Decided October 6, 1977.*
(Also reported in 257 N. W. 2d 887.)

---

[19] *State ex rel. Matalik v. Schubert,* 57 Wis.2d 315, 327, 328, 204 N.W.2d 13 (1973).

*PER CURIAM.*

David S. August made application for approval of a continuing legal education activity consisting of a program in administrative law and applicable corollary general law on the rights of ex-servicemen and their dependents. The application was made pursuant to Rule 8 of the Continuing Legal Education Rules effective January 1, 1977, and published June 29, 1976. In support of his application, he completed a form prescribed by the Board and on September 30, 1976, submitted various materials which he proposed to hand out in connection with specific subjects. An "Outline of Course Presentation," which August submitted earlier, identified the subjects to be discussed and represented that August, attorney William Wohlfeil, and other unnamed persons would conduct the classes. August also proposed two guest lecturers who were to be an unnamed psychologist and an unnamed psychiatrist. August's outline also stated that it was:

"Law Course for continuing the legal education of attorneys employed by the Milwaukee regional office of the United States Veterans Administration, said course designed to provide participants with increased professional competence, an updating of major changes in pertinent state and federal laws, and a continued concern with ethical obligations. Specifically, the course objectives will be attained primarily by means of classroom lecture supplemented by limited (closely supervised) seminars, and implemented by electronically reproduced material (which will be presented under the supervision of a qualified member of the faculty)."

August represented that, if the proposed program were approved, he would present it to the Veterans Administration regional office in Milwaukee in attempt to have it adopted as an agency sponsored program. The Continuing Legal Education Board refused to approve the proposed program.

In a letter dated February 17, 1977, to the executive officer of this court, the counsel for the Board states that August's application did not receive favorable action because he sought approval for a tentative program which would only be developed if approval was extended in advance. The letter goes on to state, "The Board has consistently taken the position (which I endorse) that only activities already planned as to date, location, speakers and topics merit approval. The alternative is to approve nonexistent courses in the hope that they will develop as promised." We hold that a portion of the Board's reasons for refusing approval are consistent with Rule 7, Standards for Approval of Continuing Legal Education Activities. Rule 7(B)(4) provides as follows:

"Continuing legal education materials are to be prepared, and activities conducted, by an individual or group qualified by practical or academic experience."

It is up to the Board to determine whether each individual proposed as an instructor or lecturer is qualified by practical or academic experience. It is not possible for the Board to make this determination unless the name of the instructor or lecturer is provided. Although August represented that a "qualified" member of the faculty would supervise classes and implementation, he apparently reserved to himself the right to pass upon the qualifications of that faculty member. If he wished to obtain approval before faculty members were chosen, August was required, at the very least, to set forth, or request that the Board designate, the minimum professional requirements for those persons. Following approval of the minimum requirements, he could then submit the names of the individuals once he had retained them. However, in no case could he be granted a final approval until the members of his faculty had been identified by name and approved. We think the Board's in-

sistence upon dates and locale of the proposed activities is not within Rule 7. We do not see it as part of the Board's function to protect previously approved programs from competition. Moreover, we see nothing wrong with granting approval to a program which is subsequently canceled due to lack of interest.

We have not in this opinion dealt with the course materials submitted by August in support of his proposal. This is because the materials are not before us, and it is not clear in the Board's communications whether it passed on their adequacy. We point out that the standards for such materials are set forth in Rule 7(B)(5):

"Continuing legal education activities are to be accompanied by thorough, well-organized and readable written materials which are available to participants at the time of presentation unless otherwise approved by the Board."

This does not mean that the Board can approve the failure to provide any written materials. It means that the Board can approve a different time for availability of the materials than the time of presentation. If the Board were to reject August's written materials, it could do so only on grounds that they were not thorough, or that they were not well organized, or that they were not readable.

We also do not deal with the issue of whether the Board can or should approve courses limited to attorneys associated with a particular government agency or corporation. That issue is presented to this court by a petition filed by the Board of Continuing Legal Education on June 20, 1977, and upon which a hearing will be held by this court on October 24, 1977.

The decision of the Board is affirmed without prejudice to amendment of August's application so as to satisfy the criteria laid down in this opinion.